**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MARILYN CASTRO,

      Plaintiff,

                                      Case No.:

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

      Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Marilyn Castro, files her Complaint against Defendant, Life Insurance Company of North America, and says:

### I.  JURISDICTION AND VENUE

1.      Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.      Plaintiff, Marilyn Castro ("Ms. Castro"), is a citizen of the United States, and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Life Insurance Company of North America ("LINA" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.    FACTS

3.    At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4.    At all times material, Defendant operated under an inherent structural conflict of interest because of Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.    Ms. Castro was employed with Fresenius Medical Care North America ("Fresenius") as a laboratory technician. By virtue of her employment at Fresenius, Ms. Castro was an eligible participant of the long-term disability policy at all times material to this action.

6.    The purpose of the long-term disability policy was to provide Ms. Castro a monthly benefit in the event that she became disabled.

7.    The long-term disability policy defined Disability, in pertinent part, as follows:

> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
>
> > *(1) unable to perform the material duties of his or her Regular Occupation; and*
> > *(2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*
>
> *After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
>
> > *(1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
> > *(2) unable to earn 60% or more of his or her Indexed Earnings.*

8.    Ms. Castro has suffered, and continues to suffer, from a number of medical conditions, including but not limited to, trigeminal neuralgia, intervertebral disc displacement, chronic pain, radiculopathy, and herpetic neuralgia.

9.      Ms. Castro has been unable to perform the material duties of any occupation for which she may reasonably become qualified based on education, training, or experience. Ms. Castro is disabled under the terms of the long-term disability policy.

10.     Ms. Castro was forced to discontinue working in September of 2018 due to her disabling conditions.

11.     In accordance with the procedures set forth by the long-term disability policy, Ms. Castro notified Defendant that she was disabled.

12.     Defendant acknowledged Ms. Castro's disability under the policy, accepting liability by paying long-term disability benefits effective March 25, 2019.

13.     By letter dated April 21, 2021, Defendant terminated Ms. Castro's long-term disability benefits effective March 25, 2021.

14.     Ms. Castro timely appealed Defendant's decision to terminate her long-term disability benefits.

15.     Defendant denied Ms. Castro's appeal for long-term disability benefits and communicated its decision via letter dated September 02, 2021.

16.     Ms. Castro exhausted her appeals under ERISA.

17.     In terminating Ms. Castro's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18.     The termination of Ms. Castro's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

19.     Defendant's termination of Ms. Castro's disability benefits breached the fiduciary duties owed to Ms. Castro under ERISA. Defendant further failed to discharge its duties in respect

to discretionary claims processing solely in the interests of Ms. Castro as a participant of long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20.     Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

21.     Plaintiff is entitled to the benefits identified herein because:

    a.  the benefits are permitted benefits under the policy;

    b.  Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c.  Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

22.     Defendant has refused to pay the benefits sought by Ms. Castro, ignoring the medical records and clear opinions of her physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25.     Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

26.     Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Marilyn Castro, prays for a judgment against Defendant, Life Insurance Company of North America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 16th day of December, 2021.*

> */s/ Edward P. Dabdoub*
> Edward Philip Dabdoub (FBN. 45685)
> eddie@longtermdisability.net
> Kevin P. Schaefer (FBN. 123688)
> kevin@longtermdisability.net
> DABDOUB LAW FIRM, P.A.
> 1600 Ponce de Leon Blvd., Suite 1202
> Coral Gables, Florida 33134
> Tel:  (305) 754-2000
> Fax: (305) 754-2007
> *Counsel for Plaintiff, Marilyn Castro*